KATHRYN ROSS
CA SBN 171100
1611 Telegraph Avenue, Suite 806
Oakland, California 94612
Telephone: (415) 297-1262
Email: katie@kathrynrosslaw.com

Attorney for Defendant
Rodulio Garcia

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODULIO ALEXO GARCIA,<br><br>Defendant. | NO. 19-CR-367-11(CRB)<br><br>**DEFENDANT RUDULIO GARCIA'S SENTENCING MEMORANDUM; REQUEST FOR VARIANCE** |

## **INTRODUCTION**

Defendant Rodulio Garcia presents an unusual situation in an unusual time. In late July of 2019, Immigration and Naturalization transported Mr. Garcia to the "ICE" facility in Bakersfield, California, where he was told that he would be immediately deported to Honduras. However, his deportation was delayed when he broke his ankle playing soccer. The injury required surgery and follow up care.

Meanwhile, a federal investigation for conspiracy to commit drug distribution was underway in the Northern District, resulting in an indictment dated August 8, 2019, charging 14 defendants, including Mr. Garcia, in Count One with Conspiracy to Distribute and Possess with

Intent to Distribute Controlled Substances, in violation of 21 USC §§ 846 and 841(a)(1). He is one of roughly forty defendants in the various *Viera-Chirinos* set of cases, all of which have been related before this Court. As the plea agreement to the reduced charge of Illegal Use of a Communication Facility (21 USC § 846) reflects, the government recognizes Mr. Garcia as one of the low-level participants in the conspiracy.[1]

Through no fault of his own, Mr. Garcia did not plead guilty with the other co-defendants pleading to the same charge on February 12, 2020. This is because Mr. Garcia was not transported to the Northern District from "ICE" custody in Bakersfield until late January, 2020, apparently because of his medical condition.[2] He first learned of the charges on January 28, 2020 (Dkt. 151) and was appointed counsel on January 29, 2020 (Dkt. 152).

A quarantine at Mr. Garcia's housing pod at Santa Rita further delayed Mr. Garcia's ability to enter a plea. The quarantine twice necessitated the postponement of a visit with his attorney (and an interpreter) to discuss the evidence, Mr. Garcia's constitutional rights and the proposed plea agreement. (See attached, Exhibit 1, Declaration of Attorney Kathryn Ross, hereinafter "Exhibit 1".)

Mr. Garcia advanced his case and will plead guilty pursuant to a plea agreement on March 19, 2020. He will waive a presentence report, and requests this Court to sentence him to credit for time served at the time of his plea. His role in the offense was at least minor and arguably minimal, and if sentenced as requested, would be consistent with similarly situated co-defendants. Given that Mr. Garcia has been in constant custody since the end of July, he therefore requests the court to include the time in ICE custody as part of his credit for sentencing. He will be deported immediately.

---

[1] This Court has imposed credit for time served sentences on the similarly situated defendants pleading to the same amended charge. (*See* March 11, 2020 sentencings for Gustavo Adolfo Gamez-Velasquez, ECF 196; Elvin Mejia-Padilla, ECF 197, Rudis Valladeres-Cacres, ECF 202. Yordi Yabier Agurcia Galindo was sentenced to time served at the time of his plea on February 12, 2020, ECF 175.)

[2] Mr. Garcia reports he received virtually no follow-up care while at the ICE facility and remained in a cast without any consultation for 4 months.

As the plea agreement reflects, Mr. Garcia's Base Offense Level is 16 – lower than other co-defendants pleading to the same amended count. (Plea agreement at ¶ 7.) Left open are adjustments for his mitigated role and his acceptance of responsibility. Moreover, given his inability, through no fault of his own, to join in the global disposition on February 12, 2020, his early plea should nevertheless be taken into account. All of this puts Mr. Garcia in a Category I, Criminal History with an Offense Level between 11 & 9, depending on the Court's assessment. Mr. Garcia submits that a "time served" sentence in this case meets the statutory requirement of 18 U.S.C. §3553(a), that the sentence is "sufficient, but not greater than necessary" to meet the ends of sentencing.

The request for immediate sentencing takes on heightened force and importance because of this extraordinary and volatile time of national emergency. Given the national emergency, not only would the interests of justice be best served by an immediate sentence of " time served", but so would the pressing need for judicial efficiency, and the need to release non-violent offenders from the heightened health risks inherent in a custodial setting.

### I. MR. GARCIA HAS AT LEAST A MINOR, IF NOT A MINIMAL ROLE IN THE OFFENSE.

In paragraph 2 of the plea agreement, Mr. Garcia admits to being required to sell drugs on behalf of those who provided him with housing. As the plea agreement reflects, Mr. Garcia's base offense level places him at a level 16, due to a combined weight of at least 20 but less than 40kg. This is notably less than the other similarly situated defendants, and in the same category as Yordi Yavier Agurcia Galindo who had the same weight attributed to him. Mr. Galindo was sentenced to credit for time served at the time of his plea.

The Government agreed to a minor participation reduction (§3B1.2(b)) in the sentencing memorandums from the cases involving pleas to Illegal Use of Communication Facility. It is presumed that the government would take the same position here on similar facts and a lower weight.

Arguably, the 4-point minimal participation role reduction would be appropriate for Mr. Garcia given the lower quantity attributed to him. Mr. Garcia's minimal role can also be inferred

from the fact that he is not mentioned in the original complaint, and, out of thousands of wiretap calls, he participates in none of the calls or texts and his name only appears in a handful of them, many of which happen on July 19, 2019 and July 23, 2019. He is plainly among the least culpable.[3]

## II. MR. GARCIA'S SENTENCE SHOULD REFLECT CREDIT FOR THE TIME IN "ICE" CUSTODY.

As noted, Mr. Garcia has been in continuous custody since approximately July 29, 2019. However, he was first brought before the Northern District on January 29, 2020 and remanded into custody at that time. It is not anticipated that the Bureau of Prisons will offer him credit for that time, and the government has indicated that it will not stipulate to that credit.

Section 5G1.3(b)(1) of the sentencing guidelines states:

> (T)he court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

Mr. Garcia was not aware of these charges while he spent months in ICE detention. Through no fault of his own he remained in ICE custody was not brought to the Northern District for months while this case proceeded with his co-defendants. But for this charge, he would have been deported immediately. This scenario falls under section 5G1.3(b)(1) and, as such, Mr. Garcia respectfully requests the Court to adjust its sentence to reflect this time.

## III. ACCEPTANCE OF RESPONSIBILTY

Mr. Garcia has expedited his case and accepted responsibility for his involvement in the conspiracy as early as humanly possible, and within the bounds of the 6th Amendment mandate that criminal defendants enter into an informed plea agreement. (*See Minnesota v. Frye,* 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), holding a defendant must be adequately advised of plea offers.)

---

[3] See note 4 to §3B1.2: "Subsection (a)….is intended to cover defendants who are plainly among the least culpable of those involved in the conduct group."

The government agreed to a 3-point "Acceptance of Responsibility" reduction for the other similarly situated defendants. The same reduction is abundantly appropriate as to Mr. Garcia.

### IV. SECTION 3553(A) FACTORS SUPPORT A "TIME SERVED" SENTENCE.

The parties agree that Mr. Garcia has a base offense level (§2D1.6) of 16. If the Court agrees with Mr. Garcia's analysis of the appropriate adjustments within the guidelines, his adjusted offense level would place him at an Offense Level 9, with a range of 4-10 months and a "time served" sentence would easily fall within that range with a credit adjustment under section 5G1.3(b)(1).

If the Court does not find Mr. Garcia to be a minimal participant and/or does not believe the credit application from section 5G1.3(b)(1) applies, the interests of justice nevertheless warrant a downward variance to allow for a "time served" sentence.

A sentence of time served is sufficient custodial punishment in this matter. Mr. Garcia will be immediately deported to a country plagued by violence and poverty and banned from re-entry. Therefore, under section 3553(a)(2)(C), he presents no future risk to the public.

Moreover, further incarceration of Mr. Garcia would lead to a disparate sentence from the co-defendants pleading to the same charge. While the 2-point reduction for a global settlement given to his co-defendants who plead on February 12, 2020 was not extended to Mr. Garcia, the fact that it was both humanly and constitutionally impossible for him to join the other co-defendants at that time and get sentenced on March 11, 2020, is a valid consideration under section 3553(a)(6). As noted, he advanced his case and sought a resolution as early as possible.[4] All of those defendants received a "time served" sentence on March 11, 2020. As a result, a term of imprisonment of "time served" is "sufficient but not greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. §3553(a).

///

///

---

[4] Mr. Garcia requested the March 11, 2020 date for change of plea and immediate sentencing but, unfortunately, the date was already too full to accommodate his request.

## **CONCLUSION**

For all of the foregoing reasons, Mr. Garcia requests that at the time of the entry of his plea this Court impose a "time served" prison sentence. Given the extraordinary and volatile nature of the federal state of emergency, an immediate sentence serves not only the interests of justice but the pressing need for judicial efficiency and the to reduce the prison population where infection can so easily spread.

Dated: March 16, 2020

Respectfully Submitted,

  /s/Kathryn Ross  
Kathryn Ross

Attorney for Defendant
Rodulio Garcia